IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

LINDA KATHLEEN BORUM,          *

    Plaintiff,                 *

vs.                            *
                       CASE NO. 4:24-cv-168 (CDL)

SHERIFF GREG COUNTRYMAN and    *
COLUMBUS CONSOLIDATED
GOVERNMENT,                    *

    Defendants.                *

_____

O R D E R

Linda Borum, a former employee of the Muscogee County Sheriff, resigned after she was demoted and denied reinstatement to her previous position. She brought this action against Sheriff Greg Countryman, in his official capacity, and the Columbus Consolidated Government ("CCG") alleging they discriminated and retaliated against her in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* Pending before the Court are Defendants' motion to dismiss (ECF No. 5) and Borum's motion for leave to amend her complaint (ECF No. 9). For the reasons that follow, the motion to amend is granted and the motion to dismiss is granted in part and denied in part.

STANDARDS

Federal Rule of Civil Procedure 15(a)(2) states that the Court should freely permit a party to amend her pleadings when justice

so requires.   However, permission need not be given when the amendment would be futile. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).  "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam).  In evaluating whether an amendment would be futile, the Court analyzes the amendment under the traditional motion to dismiss standard.

"To survive a motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.   In other words, the factual allegations must "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims. *Id.* at 556.  But "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556).

FACTUAL ALLEGATIONS

Borum alleges the following facts in support of her claims. These allegations include those from her proposed amended complaint. The Court must accept these allegations as true for purposes of the pending motions. Borum applied to be a criminal records technician for the Sheriff in 2021. During her interview with Sheriff's employees, an interviewer asked if Borum would consider accepting a deputy sheriff position because she was certified by the Georgia Peace Officer Standards and Training Council. Borum informed the interview panel she was unsure if she could perform the essential duties of a deputy sheriff due to previous back surgeries that required her to take regular medication. She nevertheless began her employment as a part-time reserve deputy, with the expectation that she could later become a full-time deputy. After Borum and her physician informed the Sheriff about her medication requirements and history of surgeries, she was cleared for duty as a reserve deputy in June 2021.

In September 2021, Borum worked her first night shift. She was unable to take her medication while working a night shift, which exacerbated her disabilities. In October 2021, she began working as a full-time deputy sheriff in the "Deputy Clerk II" position. She could not perform the requirements of this role

because it also entailed shift work inconsistent with her medication schedule.

To accommodate her medical issues, Borum was demoted to bailiff in November 2021. Bailiff is a part-time position with similar responsibilities to the reserve deputy position. However, reserve deputies earn higher pay than bailiffs and wear uniforms while bailiffs do not. Borum applied for the reserve deputy position with a sergeant who submitted the application through the Sheriff's chain of command. Two months later, Borum inquired about the status of her application with the Sheriff's human resources department and was told that if she had not heard anything yet regarding its status (which she had not) then her application was denied. Borum continued to work as a bailiff until June 2023 when she terminated her employment.

Borum brought this action under the ADA, alleging that the Sheriff and CCG discriminated against her because of her disability and retaliated against her for requesting an accommodation by keeping her in the inferior bailiff position when she was willing and able to serve as a reserve deputy. In her original complaint, the only factual allegation supporting liability for CCG was that "CCG is responsible for the policies, procedures, and practices implemented through its various agencies (including [the Sheriff])," and that CCG "maintains personnel records" for the Sheriff's employees. Compl. ¶¶ 11-12, ECF No. 1.

The Sheriff and CCG moved to dismiss Borum's complaint, in part because Borum did not allege facts sufficient to support liability for CCG. In response, Borum filed a motion to amend her complaint. The proposed amended complaint alleges that CCG was Borum's joint employer alongside the Sheriff because the Sheriff placed his employees under the CCG merit system in 1999, such that employees of the Sheriff are subject to CCG's personnel regulations and personnel review board. Borum also alleged that openings for positions with the Sheriff are posted on the CCG's website and list the CCG as the employer.

DISCUSSION

Defendants contend that the Court must dismiss all of Borum's claims. The Sheriff argues that he is immune from Borum's claims. CCG asserts that Borum did not allege facts sufficient to show that CCG was her employer, and it contends that Borum's motion to amend should be denied as futile because the proposed amended complaint still fails to plausibly allege CCG was Borum's employer.[1] The Court addresses each of the Defendants' arguments in turn.

## I.  Claims Against the Sheriff

The Sheriff seeks Eleventh Amendment immunity from Borum's claims because he acted as an "arm of the State" in demoting Borum.

---

[1] The motion to amend relates only to Borum's claims against CCG.

*See Pellitteri v. Prine*, 776 F.3d 777, 779 (11th Cir. 2015) ("Eleventh Amendment immunity bars suits brought in federal court when the State itself is sued and when an 'arm of the State' is sued.") (quoting *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003)(en banc)).  Borum now concedes that the Sheriff is immune from liability for damages under the ADA, but maintains that Eleventh Amendment immunity does not bar her ADA reinstatement claim against him.  The Sheriff acknowledges that the Eleventh Amendment does not provide immunity for the reinstatement claim. Accordingly, Defendants' motion to dismiss is granted as to Borum's claims against the Sheriff for damages, but her claim for reinstatement remains pending.

## II.  Claims Against CCG

CCG argues that Borum's proposed amended complaint does not sufficiently allege that CCG was Borum's employer.  Therefore, CCG maintains that her motion to amend is futile because her ADA claim is based solely on the employer liability provisions of the ADA. *See Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996) (explaining that Title I of the ADA only applies to an "employer"). As explained in the remainder of this Order, the Court finds that Borum's proposed amended complaint sufficiently alleges facts that would support the conclusion that CCG and the Sheriff were her joint employers as it relates to her demotion claim.  Consequently,

the Court finds the proposed amendments to her complaint are not futile, and the motion to amend is granted.

The ADA prohibits employers from discriminating against a qualified employee on the basis of disability. 42 U.S.C. § 12112(a) ("No covered entity shall discriminate against a qualified individual on the basis of disability in regard to . . . terms, conditions, and privileges of employment."); *Id.* § 12111(2) ("The term 'covered entity' means an employer[.]"). "The definition of 'employer' in the [ADA] is like the definitions in Title VII of the 1994 Civil Rights Act[.]" *Mason*, 82 F.3d at 1009.

In the Title VII context, two distinct entities may be considered "joint employers" when one entity "has retained for itself sufficient control of the terms and conditions of employment of the employees who are employed by the other" entity such that the "entities involved are in fact separate but . . . share or co-determine those matters governing the *essential* terms and conditions of employment." *Peppers v. Cobb Cnty.*, 835 F.3d 1289, 1300 (11th Cir. 2016) (quoting *Virgo v. Riviera Beach Assocs., Ltd.*, 30 F.3d 1350, 1360 (11th Cir. 1994)). An entity providing solely administrative responsibilities such as "paymaster" functions is not a joint employer, but an entity that shares "hiring, firing, [or] supervising" functions can be. *Id.* at 1300-01.

In her proposed amended complaint, Borum alleges that she, like all other employees of the Sheriff, were subject to the CCG merit system, meaning the Sheriff must abide by merit system personnel policies. Borum asserts that as a merit system employee, she had the right to appeal official actions "involving demotion" to the CCG personnel review board, and the board could overrule the Sheriff's demotion decision. *See* Defs.' Reply in Supp. of Defs.' Mot. to Dismiss Ex. A., CCG Personnel Review Board Policy, ECF No. 12-1 at 3-4. Thus, Borum alleges that CCG, through its personnel review board, could control the essential terms and conditions of her employment by overruling the Sheriff's demotion decision which would have the effect of reinstating her to the position from which she was demoted. The Court finds these allegations sufficient to clear the futility hurdle regarding CCG acting as her joint employer. *See Epps v. Watson*, No. 3:05-cv-68 (CDL), 2006 WL 8445883 at *9 (M.D. Ga. May 25, 2006) (denying motion to dismiss because tax commissioner employees were covered by the county merit system in which county personnel review board could review tax commissioner's disciplinary decisions); *see also Grech v. Clayton Cnty.*, 335 F.3d 1326, 1338 n.23 (recognizing that when Georgia sheriff's employees are placed under a civil service

system like CCG's merit system, the sheriff's authority to terminate deputies is limited by that system).[2]

CCG claims that it cannot be the joint employer of any Sheriff's employee, notwithstanding their inclusion in the CCG merit system. CCG asserts the Georgia constitution precludes a county government like CCG from exercising any authority over sheriff's office employees. The Georgia constitution denies counties the authority to take any "[a]ction affecting any elective county office . . . or the personnel thereof, except the personnel subject to the jurisdiction of the county governing authority." Ga. Const. Art. 9, § 2, ¶ I(c)(1). Elective county officers include "sheriff[s]." Ga. Const. Art. 9 § 1, ¶ III(a). CCG interprets this to mean that only the Sheriff has any authority over the hiring, firing, or demoting of his employees such that CCG, as a matter of law, cannot be Borum's joint employer.

CCG's position overlooks the exception for "personnel subject to the jurisdiction of the county governing authority." Ga. Const. Art. 9, § 2, ¶ I(c)(1). Georgia allows for counties to create civil service systems like CCG's merit system and allows for "positions of employment within departments subject to the jurisdiction of elected county officers" to become "subject to and

---

[2] The Court makes no determination today as to whether CCG would be considered Borum's joint employer for claims unrelated to demotion, suspension or termination.

covered by the civil service system upon written application of the elected county officer." O.C.G.A. § 36-1-21(b). Borum alleges that the sheriff voluntarily subjected his employees to the CCG merit system, as authorized by the foregoing statutory authority, and when CCG accepted this delegation, those employees became "subject to the jurisdiction of the county governing authority" to the extent of the applicable provisions of the CCG merit system plan. Ga. Const. Art. 9, § 2, ¶ I(c)(1).

Both the Georgia courts and the Eleventh Circuit Court of Appeals have recognized that a sheriff's control over his or her employees is limited when those employees are made subject to a county civil service system. *See, e.g.*, *Wayne Cnty. v. Herrin*, 437 S.E.2d 793, 799 (Ga. Ct. App. 1993) ("We hold that once positions in a sheriff's office have been made subject to a personnel or civil service system, a sheriff's authority to appoint deputies . . . is limited to vacancies created . . . under the applicable personnel or civil service system."); *Manders*, 338 F.3d at 1311 n.14 (noting that sheriffs may elect to appoint their employees "subject to the county civil service system and thereby subject to county supervision."). Borum plausibly alleged in her proposed amended complaint that CCG was her joint employer because of the sheriff's election to place his employees under the CCG's merit system and CCG's acceptance of that election.

Lastly, CCG argues that Borum was either a part-time or probationary employee at the time of her demotion, and therefore, she was not covered under the CCG merit system. Consequently, to the extent that CCG's joint employer liability is based upon Borum falling within the CCG merit system, CCG contends that her claims against CCG fail. Borum alleges that at some point during her relationship with the sheriff's office she was a full-time employee, not subject to the probationary employee provisions of the merit system. Construing all reasonable inferences in Borum's favor, the Court cannot say at this stage in the proceedings that Borum was not covered by the CCG merit system. Accordingly, the Court finds that her proposed amended complaint is not futile in this regard.

## CONCLUSION

For the foregoing reasons, Borum's motion for leave to amend her complaint (ECF No. 9) is granted, and Defendants' motion to dismiss her complaint (ECF No. 5) is granted in part and denied in part as follows. The Sheriff is immune from Borum's ADA damages claims, so they are dismissed, but Borum's ADA reinstatement claim against the Sheriff may proceed. Her claims against CCG may proceed because her proposed amended complaint contains facts which plausibly demonstrate CCG and the Sheriff jointly employed her. Plaintiff shall file her amended complaint within seven days of the date of this order.

IT IS SO ORDERED, this 10th day of July, 2025.

S/Clay D. Land
_____
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA